UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNTED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. **M-19-600** |
| GERARDO TAFOLLA | § § § | |
| Defendant. | § | |

## SEALED CRIMINAL INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

### COUNT ONE
### 18 U.S.C. § 666(a)(1)(B)
### Federal Program Bribery

From at least in or about August 2011 through at least October 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the court, defendant,

**GERARDO TAFOLLA,**

an agent of a local government, namely a commissioner for the City of Weslaco, a local government that received benefits in excess of $10,000 pursuant to a Federal program involving a grant, contract, subsidy, loan guarantee, and other forms of Federal assistance in each year from 2011 through 2014, did corruptly solicit, demand, accept, and agree to accept a thing of value, that is, United States currency, from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the City of Weslaco, Texas valued at $5,000 or more, that is, the contracts for construction and rehabilitation of water treatment facilities in the City of Weslaco, Texas.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## NOTICE OF FORFEITURE
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 666 set forth in Count One of this Information, the defendant,

**GERARDO TAFOLLA**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2. The property subject to forfeiture, includes, but is not limited to, the following property: at least $20,000.00 in U.S. currency.

3. Defendant is notified that a money judgment may be imposed equal to the total value of the property subject to forfeiture.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

RYAN K. PATRICK
United States Attorney

_____
Roberto Lopez, Jr.
Assistant United States Attorney
Southern District of Texas
Email: Roberto.Lopez2@usdoj.gov

ANNALOU TIROL
Acting Chief
Public Integrity Section

/s/ Peter M. Nothstein
Peter M. Nothstein
Jessica C. Harvey
Trial Attorneys
Public Integrity Section, Criminal Division
Email: Peter.Nothstein@usdoj.gov
Email: Jessica.Harvey@usdoj.gov